IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


```
COOK TECHNOLOGIES, INC.           :
EMPLOYEE STOCK OWNERSHIP PLAN,    :
COOK TECHNOLOGIES, INC., as       : CIVIL ACTION
the Plan's Administrator,         :
COOK TECHNOLOGIES, INC.,          :
EMPLOYEE STOCK OWNERSHIP          :
PLAN TRUST, MICHAEL FINNEGAN      : NO. 15-CV-1028
as a plan participant             :
                                  :
        Plaintiffs                :
                                  :
        vs.                       :
                                  :
THOMAS A. PANZARELLA              :
                                  :
        Defendant                 :
==================================================
THOMAS A. PANZARELLA, SR.         :
                                  :
        Plaintiff                 : CIVIL ACTION
                                  :
                                  :
        vs.                       :
                                  : NO. 15-CV-3568
COOK TECHNOLOGIES, INC.,          :
et. al.                           :
                                  :
        Defendants                :
```

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                                May     , 2019

   This matter once again appears on this Court's docket presently for disposition of Thomas A. Panzarella, Sr.'s Motion for Attorney's Fees and Costs.  As we explain below, the Motion shall be granted in part and attorney's fees and costs awarded

1

though not in the amount sought by Movant.

**<u>Case History</u>**

The instant motion is the latest filing in these four-year old ERISA actions which were tried non-jury before this judge over an eight-day period in April and May, 2018. On December 17, 2018, we issued an 81-page Memorandum Opinion followed by a 3-page Order entering a partial judgment in favor of Cook Technologies, *et. al.*[1] directing the rescission or reversal of what we determined to have been a prohibited transaction under ERISA Section 406[2] such that Mr. Panzarella was ordered to return the sum of $312,240 to the Cook ESOP and the Cook parties were directed to return to Mr. Panzarella 3,000 shares of Cook Technologies' stock. Judgment was entered in favor of Thomas Panzarella on all of the other claims which the Cook Parties had advanced against him: for usurpation of corporate opportunity, civil RICO, breach of fiduciary duty, for appointment of an independent fiduciary and for breach of fiduciary duty/self-dealing/unjust enrichment. Judgment was entered in favor of

---

[1] Plaintiffs in Case No. 15-CV-1028 consisted of the Cook Technologies, Inc. Employee Stock Ownership Plan ("Cook ESOP"), Cook Technologies, Inc., as the Plan's Administrator, Cook Technologies, Inc. Employee Stock Ownership Plan Trust ("Cook ESOT"), and Michael Finnegan as a plan participant/trustee. The same parties are defendants in the counter-suit at Case No. 15-3568 along with Robert Ziegler and Gordon Kulp. All of these parties were referenced in the December 17, 2018 Decision as the "Cook Parties," and they shall likewise be referenced in that fashion in this Memorandum Opinion for the sake of simplicity and consistency.

[2] ERISA is the acronym for the Employee Retirement Income Security Act, 29 U.S.C. §1001, *et. seq.* Section 406 is found at 29 U.S.C. §1106.

2

Thomas Panzarella and against the Cook Parties on Panzarella's claims for improper withholding of pension benefits under ERISA, breach of a loan agreement, breach of a salary continuation/employment agreement, and for violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1, *et. seq.* The Cook parties were ordered to pay the following to Mr. Panzarella: $208,160 plus accrued interest from July 26, 2012 on the note, $77,942.11 in satisfaction of their obligations under the Salary Continuation Agreement and the Wage Payment and Collection Law and any and all monies due and owing to him from both the cash investment and company stock portions of Panzarella's retirement accounts.[3] Previously, we had denied the Cook parties' motion seeking the recoupment of its attorney's fees and costs in the amount of $483,485 pursuant to Fed. R. Civ. P. 54(d)(2) and Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).[4] In adjudicating Cook's motion, we

---

[3] And as we reiterated in a footnote to our Order dated February 21, 2019 denying the Cook Parties' Rule 60(a) Motion to Correct Clerical Mistakes, Oversights, and/or Omissions in the Final Judgment of December 18, 2018, some $250,546.75 (representing the cash portion of his retirement account) and five annual installment payments of approximately $30,457 (representing the value of the stock portion of his retirement account) had also been wrongfully withheld from Panzarella.

[4] Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1) provides:

> In any action under this title (other than an action described in paragraph 2) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

determined that, after weighing the various factors first articulated in Ursic v. Bethlehem Mines, 719 F.2d 670 (3d Cir. 1983), an award of fees and costs in favor of Cook and against Panzarella was not warranted.  Similarly, via Order dated February 28, 2019 we granted in part and denied in part Thomas Panzarella's motion for attorney's fees and costs and directed Panzarella to submit a detailed statement outlining the attorney's fees, costs and any other expenses which he had incurred in prosecuting his claims for recovery of the $208,160 loan which he made to Cook Technologies and for Cook's violations of the Pennsylvania Wage Payment and Collection Law. Mr. Panzarella has since provided copies of his attorney's bills and a bill of costs which we now consider.

## Discussion

It is of course a hallmark principle of the American legal system that each party to a lawsuit typically bears its own litigation expenses, including attorney's fees, regardless of whether it wins or loses.  Fox v. Vice, 563 U.S. 826, 832, 131 S. Ct. 2205, 2213, 180 L. Ed.2d 45, 53 (2011).  "Indeed, this principle is so firmly entrenched that it is known as the 'American Rule.'"  Id.  But Congress has authorized courts to deviate from this background rule by shifting fees from one party to another in certain types of cases such as where there is express authorization in a statute, court rule, or contract.

Id.; Mignone v. Commissioner of Social Security, Civ. A. No. 13-6054, 2017 U.S. Dist. LEXIS 213610, 2018 WL 259949, *3 (D. N.J. Dec. 29, 2017).

In this case, we previously concluded that Thomas Panzarella is indeed entitled to an award of counsel fees and costs under the terms and conditions of the note securing his loan to Cook Technologies and pursuant to the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.9a(f) ("WPCL")[5]. The Parties' Note provides as follows in relevant part:

> The Company agrees to pay all costs, charges and expenses incurred by the Lender (including, without limitation, costs of collection, court costs, and reasonable attorneys' fees and disbursements) in connection with the enforcement of the Lender's rights under this Note (all such costs, charges and expenses being referred to as (**"Costs"**). …

Accordingly, finding a sufficient basis upon which to set aside the "American Rule," we must now determine what an appropriate award of attorneys' fees and costs might be.

---

[5] Noting that this Court had declined to award the 25% liquidated damages statutory penalty under the WPCL inasmuch as there was a sufficient showing of a good faith defense, Panzarella asserts that an award of attorney's fees is nevertheless properly awarded under Section 260.9a(f). That provision does indeed contain mandatory language in that it reads:

> **(f)** The court in any action brought under this section shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant.

The Pennsylvania Supreme Court has construed this verbiage as requiring that an award of attorneys' fees be made to a prevailing party in an action brought under the WPCL regardless of the degree of success. Oberneder v. Link Computer Corp., 548 Pa. 201, 206, 696 A.2d 148, 151 (1997); Bandy v. LG Industries, Inc., Civ. A. No. 02-7359, 2003 U.S. Dist. LEXIS 15635, 2003 WL 22100876 (E.D. Pa. July 28, 2003).

The usual "starting point for determining the amount of a reasonable fee is the lodestar, which courts determine by calculating the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" McKenna v. City of Philadelphia, 582 F.3d 447, 455 (3d Cir. 2009)(quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed.2d 40 (1983)); Ford v. County of Hudson, Civ. A. No. 07-5002, 2017 U.S. Dist. LEXIS 33549 at *6 (D.N.J. March 8, 2017). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed; [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley supra. "Fees are presumed reasonable when calculated using the 'lodestar' method". Simring v. Rutgers, 634 Fed. Appx. 853, 857 (3d Cir. 2015)(citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564, 106 S. Ct. 3088, 92 L. Ed.2d 439 (1986)).

That having been said, "[w]here a plaintiff has achieved only partial or limited success, a district court may adjust the fee downward." Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 318 (3d Cir. 2006). Indeed, the lodestar calculation has been described as a two-step process with the first step requiring the court to exclude any hours that were "excessive, redundant, or otherwise unnecessary" in determining the number of hours

which were "reasonably expended on the litigation," and the second step requiring the court to determine the "reasonable hourly rate of compensation" that "accords with the prevailing rate in the relevant community." Rodriguez v. Spartan Concrete Products, LLC, Civ. A. No. 12-29, 2019 U.S. Dist. LEXIS 48440 at * 5 (D.V.I. March 22, 2019)(citing Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed.2d 891 (1984) and Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)). In this manner, "'the District Court has a positive and affirmative function in the fee fixing process, not merely a passive role' and 'should reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed, that were distinct from the claims on which the party did succeed, and for which the fee petition inadequately documents the hours claimed.'" Clemens v. New York Central Mutual Fire Insurance Co., 903 F.3d 396, 400 (3d Cir. 2018); McKenna, supra,(quoting Loughner v. University of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001)).

Additionally, in exercising their discretion, courts deciding cases under Pennsylvania law are guided by Pennsylvania Rule of Civil Procedure 1717 which dictates that the following factors, "among other things" are properly considered in fixing an award of counsel fees:

(1) the time and effort reasonably expended by the

7

>     attorney in the litigation;
>
> (2) the quality of the services rendered;
>
> (3) the results achieved and benefits conferred upon the class or upon the public;
>
> (4) the magnitude, complexity and uniqueness of the litigation; and
>
> (5) whether the receipt of a fee was contingent on success.

Clemens, 903 F.3d at 399; Polselli v. Nationwide Mutual Fire Insurance Co., 126 F.3d 524, 532 (3d Cir. 1997); Pa. R. C. P. 1717.

Here, Thomas Panzarella's attorneys, James Golden and Nancy Goldstein and the law firm of Hamburg & Golden are asking for an award of attorneys' fees and costs totaling $412,835 on their client's behalf. In support of this request, they have attached an array of materials, including copies of the itemized billing and costs statements dating back to 2013, Mr. Golden's own attorney declaration attesting to how and when the bills were prepared and sent to Mr. Panzarella, copies of each attorney's biography and/or *curriculum vitae* reflecting their educational backgrounds and experience, and summaries of the fees and expenses by category.

From these submissions, it appears that the Hamburg & Golden law firm charged Thomas Panzarella the following hourly rates for the services of James P. Golden, who was lead counsel

in this matter: $405 from April – August, 2015; $420 from September 2016 – August, 2017; $450 between September, 2017 – August, 2018; and $465 from August, 2018 through the present. (Exhibit 1, Table 1). For the services of its associate attorney Jane C. Silver, Hamburg & Golden charged $295/hour from April – August, 2015; $305 hourly between September, 2015 and August, 2016; and $315 per hour from September, 2016 through August, 2017. Nancy L. Goldstein, another associate with the firm, was billed at $310 per hour from September, 2017 – August, 2018 and $320 per hour from September, 2018 through the present. (Exhibit 1, Table 1). Additional bills attached as Exhibit 3 reflect that Mr. Panzarella was charged at the rate of $250/hour by Kimberly Ashbach, Esquire for various legal services relating to this matter from August 16, 2013 through December 12, 2013 totaling $2,175.00 and that Mr. Panzarella paid for the legal services rendered by Arthur Bachman of the Blank Rome law firm at the rate of $850 per hour between December, 2014 and April, 2015, at the rate of $875/hour between May, 2015 and April, 2016, and $915/hour from May, 2016 – January, 2017. It also appears that in January, 2017, Panzarella was charged for .9 hours of time spent by Blank Rome attorney Lynn A. Bogina at the rate of $345/hour. In total, Mr. Panzarella paid $30,427 to Blank Rome over the course of this litigation. (Exhibit 1, Table 7; Exhibits 3 and 4).

In their response to this motion, the Cook parties do not challenge the hourly rates charged by Thomas Panzarella's attorneys. This Court in turn finds that the overall quality of the legal services rendered to Mr. Panzarella by his attorneys was very good and that while this was not an unusually complex ERISA action, the nature of ERISA matters in general does require unique and specialized expertise. We also note that this case was a protracted one, whereby most, if not all, of the issues were thoroughly and at times perhaps unnecessarily litigated. In view of all of these factors, we find that the rates charged to Mr. Panzarella by his counsel were reasonable and in keeping with those prevailing in the Philadelphia-area legal marketplace.[6]

Turning next to the number of hours expended on the litigation and the reasonableness thereof, we would just observe that in view of our prior order(s) denying Mr. Panzarella's motion for a discretionary award of counsel fees and costs under ERISA but finding such an award to be warranted for his breach of contract and Pennsylvania WPCL claims, it is incumbent upon us to carefully review the billing so as to cull out the amount

---

[6] To be sure, with the exception of Arthur Bachman of Blank Rome, it appears that all of the rates charged by Mr. Panzarella's attorneys fall within the schedule set by Philadelphia Community Legal Services, which has been approvingly cited by the Third Circuit and this District as a fair reflection of the prevailing market rates in Philadelphia. See, e.g., United States ex rel. Palmer v. C & D Technologies, Inc., 897 F.3d 128, 132-133 (3d Cir. 2018); Maldonado v. Houstoun, 256 F.3d 181, 188 (3d Cir. 2001); www.clsphila.org.

of time reasonably expended in pursuit of those claims, to the extent possible.[7] Once done, we can then evaluate whether any of those hours were "excessive, redundant, or otherwise unnecessary."

At the outset, we first note that the Cook Parties do not appear to be challenging any entries or costs in particular, asserting instead that only those attorney's fees and costs attributable to the claims under the demand note and the WPCL are recoverable. Thus in exercising our discretion and having carefully reviewed the invoices from Panzarella's counsel, we now find the following charges from the law firm of Hamburg & Golden, P.C. to have been reasonably expended, attributable to the claims at issue and recoverable by Thomas Panzarella:

> For the services of **James P. Golden: 305.4** hours for a total amount of **$134,281.50.**
>
> For the services of **Jane C. Silver: 244.1** hours for a total amount of **$75,295.50.**
>
> For the services of **Nancy L. Goldstein: 86.6** hours for a

---

[7] In so holding, we decline to accept Mr. Panzarella's invitation to "apply the Wage Payment statute literally and by its spirit, [and award] attorney's fees for the cost of recovering his ERISA benefits." (See, Doc. 148 – Thomas A. Panzarella's Motion for Attorney's Fees and Costs, at p. 11). As discussed in greater detail *infra*, however, we do acknowledge the correctness of his assertion that often a "plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories" such that "much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." Hensley v. Eckerhart, 461 U.S. at 435, 103 S. Ct. at 1940. We further acknowledge that Panzarella's success on his breach of contract and WPCL claims did indeed require him to strenuously litigate and in numerous respects defend, the entire litigation, and that this litigation was often prolonged by the tactics of the Cook parties' and their counsel and their raising of several, meritless claims against Panzarella.

total amount of **$26,947.00.**

This assessment is the result of our having determined that some 282.5 hours from these three attorneys are properly disregarded as being excessive, redundant, or otherwise unnecessary to this calculation (including those which we found to have been entirely attributable to other claims). Insofar as the services performed by Kimberly Ashbach appear to relate to the very early stages of this litigation, including initial client consultations and interviews, review of relevant documents, attempts to amicably resolve the matter, and preparation of an initial complaint, among others, we find those services to likely be at least tangentially related to the monies due and owing to Mr. Panzarella under the note and for unpaid wages and benefits, and so shall award the full amount paid for Ms. Ashbach's services, which is $1,575.00.[8]

With regard to those services provided by Arthur Bachman and the law firm of Blank Rome, given that Mr. Panzarella's motion clearly states that he was provided "specific ERISA advice"[9] by Mr. Bachman, we conclude that those fees are not

---

[8] Panzarella's motion actually seeks the sum of $2175 for Attorney Ashbach's services. (See Exhibit 1 to Panzarella's Motion for Attorney's Fees and Costs). In reviewing the invoices attached at Exhibit 3 to the motion, however, it appears that Panzarella erroneously attached the invoice dated 12/12/2013 in the amount of $225.00 three times. We therefore calculate the amount due and owing for these services to be $1,575.

[9] See, Thomas A. Panzarella's Motion for Attorney's Fees and Costs, (Doc. No. 148 at p. 5).

related to the claims under the note or the Wage Payment and Collection law and are therefore not recoverable.  Accordingly, we find that Mr. Panzarella is entitled to recover attorney's fees in the amount of $236,099 from the Cook parties.

Turning next to the matter of costs, while we are able to carve out some of the depositions and subpoenas as being attributable to the other, unrelated (ERISA) claims than those under the WPCL and the Note, we are unable to do so with respect to the copying expenses and the complaint filing and PACER document retrieval fees.  In exercising our discretion and in an effort to find an equitable outcome to this dilemma, we look to Mr. Panzarella's complaint in the case in which he was the plaintiff (No. 15-3568).  In doing so, we observe five counts – the first two of which seek relief under ERISA and the remaining three that raise the breach of contract and WPCL claims now at issue.  In the absence of a more specific delineation of recoverable costs on the part of Panzarella and more specific objections to Panzarella's bill on the Cook parties' part, we shall award 3/5 (three-fifths) of the copying, filing and PACER retrieval costs and 3/5 of the trial transcripts and costs incurred as a result of the following depositions to Thomas Panzarella:  Thomas Panzarella, Sr., Nancy Henry, William Watts and Robert Ziegler.  In so doing, we determine that as Russell

Panzarella[10], Jeffrey Nelson, James Steiker, Regina O'Keefe and Thomas Panzarella, Jr. all testified on matters not related to the breach of contract or WPCL claims, those expenses are not suitable for award, nor are the costs for service of subpoenas upon Steiker, Greenapple & Crosscut, SES Advisors, Inc., Gable Peritz & Mishkin and Wharton Valuation Associates. Accordingly, applying the 3/5 (.60) multiplier, we calculate the recoverable costs in the following manner:

    Fees of the Clerk (Filing, PACER fees): $269.52

    Copying Fees:

        Copy Secure, Inc.   $496.09

        Kelly Copy Service  $841.58

        LDiscovery          $3419.63

        Reliable Copy      $573.94

        Hamburg & Golden    $1212.60

    Depositions:

        Thomas Panzarella, Sr.  $573.78

        Nancy Henry           $465.48

        William Watts        $112.05

        Robert Ziegler       $397.80

    Trial Transcript:         $2902.90

    **TOTAL COSTS AWARDED:**    **$11,265.37**

---

[10] It is unknown why Russell Panzarella was deposed or what he testified to as he did not testify at trial and was not, to the best of this Court's recollection, ever the subject of motion practice. For this reason, the costs of his deposition are excluded.

## Conclusion

In summary, we find that attorney's fees and costs are appropriately awarded to Thomas Panzarella pursuant to the terms and conditions contained in the $208,160 Note securing the loan which he made to Cook and in accordance with the Pennsylvania Wage Payment and Collection Law (WPCL), 43 P.S. §260.9a(f) in the amount of $247,364.37.

An Order follows.